OPINION — AG — (1) "USE VALUE" AS EMPLOYED IN THE CONTEXT OF AD VALOREM REAL PROPERTY TAX ASSESSMENT MEANS "FAIR CASH VALUE OF REAL PROPERTY FOR THE HIGHEST AND BEST USE FOR WHICH SUCH PROPERTY WAS ACTUALLY USED, OR WAS PREVIOUSLY CLASSIFIED FOR USE, DURING THE CALENDAR YEAR NEXT PRECEDING THE FIRST DAY OF JANUARY ON WHICH THE ASSESSMENT IS MADE". (2) THE "USE VALUE" OF A PIECE OF REAL PROPERTY MAY NOT BE DETERMINED BY FIRST FINDING THE FAIR CASH VALUE OF THE PROPERTY BASED UPON ITS PRESENT USE AND THEN DEDUCTING A PERCENTAGE OF VALUE. (3) THE OKLAHOMA CONSTITUTION AS INTERPRETED BY THE STATE SUPREME COURT IN CANTRELL V. SANDERS, 610 P.2d 227 (1980), DOES NOT PERMIT DIFFERENT ASSESSMENT PERCENTAGES FOR DIFFERENT CLASSES OF REAL PROPERTY; THUS, THERE IS NO LONGER ANY NEED OR JUSTIFICATION FOR UTILIZING A "COMPOSITE RATIO" WHICH IS AN AVERAGE OF DIFFERENT ASSESSMENT PERCENTAGES FOR DIFFERENT CLASSES OF REAL PROPERTY. (TAXATION, AD VALOREM) CITE: ARTICLE X, SECTION 8, 68 O.S. 1971 2462 [68-2462](A), 68 O.S. 1971 2481.1 [68-2481.1] THRU 68 O.S. 1971 2481.11 [68-2481.11], 68 O.S. 1979 Supp., 2327 [68-2327] [68-2327], 68 O.S. 1979 Supp., 2435 [68-2435] (JOHN F. PERCIVAL)